IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50168
_____


JORGE JUAREZ AYALA; RUBEN QUIROGA
AYALA; JOSE HERRERA DAVILA;
CARLOS SANCHEZ MORENO,

                                        Plaintiffs-Appellants,

                        versus

ARNULFO GOMEZ, Sheriff, ET AL.,

                                        Defendants,

ARNULFO GOMEZ, Sheriff; FRED LUJAN,
Deputy Sheriff; VICTOR MONTGOMERY,
Detention Officer; ERNEST BUSTILLOS,
individually and in his official
capacity as Reeves County, Texas
Deputy Sheriff/Jailer; ALFREDO CHAGOLLA
MARTINEZ, individually and in his
official capacity as Reeves County, Texas
Deputy Sheriff/Jailer; DANNY NUNEZ,
individually and in his official
capacity as Reeves County Deputy
Sheriff/Jailer; REEVES COUNTY, TEXAS,

                                        Defendants-Appellees.

_____

        Appeal from the United States District Court for the
                    Western District of Texas
_____
                      February 10, 1997
Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

The sole issue presented by this appeal is whether the district court abused its discretion by denying the plaintiffs' motion for a new trial on the basis of an allegedly improper and prejudicial statement made during defense counsel's opening argument. After reviewing the record submitted to this court, we reject the appellants' argument and affirm the judgment of the trial court.

We assume that the statement complained of was improper; however, a new trial is not warranted unless, "after considering counsel's trial tactics as a whole, the evidence presented, and the ultimate verdict, the court concludes that 'manifest injustice' would result by allowing the verdict to stand." Johnson v. Ford Motor Co., 988 F.2d 573, 582 (5th Cir. 1993). The responsibility of providing an adequate record on appeal falls to the party seeking review. Fed. R. App. P. 10. Having neglected to provide a complete record to this court, the appellants have precluded a thorough review of the entire trial proceedings and, therefore, we are unable to conclude that the jury verdict works manifest injustice as required by Johnson.

Furthermore, the trial judge included a curative statement in the charge to the jury. The appellants neither proffered a curative instruction nor objected to the jury charge as given; thus, they cannot now complain that the curative efforts of the trial court were inadequate. See Maldonado v. Missouri Pacific Ry. Co., 798 F.2d 764, 771 (5th Cir. 1986) (affirming district court's

denial of new trial stating that by "'acquiescing in the court's corrective charge,' defendant 'got a chance to see the verdict and then seek to overturn it'").

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.